UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Harleysville Insurance Company, a Delaware corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>Choice Financial Group, a North Dakota corporation, d/b/a Choice Bank,<br><br>Defendant. | Civil No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

[1]  Plaintiff Harleysville Insurance Company ("Harleysville"), through its undersigned counsel, for its Complaint against Defendant Choice Financial Group ("Choice"), states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

[2]  At all relevant times, Harleysville was a Delaware corporation with its principal place of business and operations at One West Nationwide Boulevard in Columbus, Ohio. At all relevant times, Harleysville was authorized to do business in the state of North Dakota.

[3]  At all relevant times, Harleysville provided insurance to Campbell Property Management ("Campbell"). At all relevant times, Campbell was in the business of real estate property management in the Fargo, North Dakota, area.

[4]  Upon information and belief, Choice was at all relevant times a North Dakota corporation with its principal place of business and operations at 4501 23rd Avenue South in Fargo, North Dakota. Upon further information and belief, at all relevant times, Choice

was operating as a North Dakota banking institution doing business as Choice Bank within the state of North Dakota.

[5]     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Harleysville and Choice are citizens of different states and the amount in controversy is in excess of $75,000, excluding interest and costs.

[6]     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to this lawsuit occurred in North Dakota in this judicial district.

## GENERAL ALLEGATIONS

[7]     At all relevant times, Campbell maintained operating accounts at Choice for the real estate properties Campbell was managing in the Fargo, North Dakota, area.

[8]     At all relevant times, Campbell employed Mickey Haarstad ("Haarstad") as a controller.

[9]     After she began employment with Campbell, Haarstad opened a personal bank account with Choice, which account was designated account number xxxxxx5678.

[10]    After Haarstad opened her personal bank account with Choice, Choice linked Haarstad's personal account with the Campbell business accounts held at Choice without notice to or permission from Campbell.

[11]    When Choice linked Haarstad's personal account to the Campbell business accounts, Haarstad had access to the funds in the Campbell business accounts as if those funds were Haarstad's own money.

[12]    Campbell had previously instructed Choice not to link personal accounts for Campbell's employees with the business accounts Campbell maintained at Choice.

[13]   After Choice linked Haarstad's personal account to the Campbell business accounts, Haarstad began to transfer money from the Campbell accounts to her personal account without the approval, involvement, or notice to Campbell.

[14]   Between September 2014 and January 2018, without being detected by Choice, Haarstad transferred $1,294,967.58 from the Campbell business accounts to her personal account.

[15]   In total, Haarstad made 155 separate transfers of money from the Campbell business accounts into her personal account.

[16]   The first transfer Haarstad made that was greater than $10,000 was in February 2016. Ultimately, 45 of the money transfers from Campbell's business accounts to Haarstad's personal account were in amounts greater than $10,000.

[17]   Between September 2014 and January 2018 Choice never notified or alerted Campbell of the unauthorized and improper transfers from Campbell's business accounts into Haarstad's personal account at Choice.

[18]   In January 2018 Choice contacted Campbell about a pending transfer Haarstad was making to her personal account from the Campbell business accounts. Choice personnel wanted to know if the pending transfer was authorized.

[19]   When Campbell informed Choice that the pending transfer was not authorized, Choice asked Campbell for a meeting.

[20]   At the meeting Choice presented Campbell with a spreadsheet showing Haarstad's unauthorized and improper transfers of approximately $1,300,000 from the Campbell business account into Haarstad's personal account.

[21]   Choice is responsible for the acts and omissions of its employees acting within the scope of their employment.

[22] After Choice disclosed Haarstad's unauthorized transfers and the resulting losses to Campbell, Campbell presented a claim to Harleysville for benefits under the Harleysville insurance policy.

[23] Harleysville made payments to or on behalf of Campbell for damages and losses caused by Choice's negligence.

[24] Harleysville is contractually and equitably subrogated to the extent of payments it made to or on behalf of Campbell for losses resulting from unauthorized transfers of money from Campbell's business accounts maintained by Choice.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

[25] Harleysville incorporates by reference its General Allegations and all previous paragraphs as if set forth herein.

[26] Choice had a duty to ensure the integrity of the business accounts it was maintaining for Campbell, and to verify the safety of the funds deposited into the accounts.

[27] Choice breached that duty by failing to maintain the integrity the Campbell business accounts and by failing safeguard the funds deposited into those accounts.

[28] Instead of protecting the Campbell business accounts, Choice linked the Campbell accounts with Haarstad's personal Choice account, thus exposing the Campbell business accounts to theft and facilitating Haarstad's unauthorized and improper transfer of money from Campbell's business account to Haarstad's own personal account.

[29] Choice's breach of its duty was a direct and proximate cause of damage to Campbell and to Harleysville.

[30] As a result of Choice's negligence, Harleysville sustained losses and damages in amounts to be proven at trial and in excess of $75,000.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

[31]   Harleysville incorporates by reference its General Allegations and all previous paragraphs as if set forth herein.

[32]   Choice had a duty to properly supervise its employees and Choice's operations to ensure the integrity of the business accounts it was maintaining for Campbell and to verify the safety of the funds deposited into the Campbell accounts.

[33]   Choice breached that duty by failing to supervise its employees responsible for maintaining the integrity of the Campbell business accounts and for safeguarding the funds deposited in those accounts.

[34]   Choice failed to exercise ordinary care in supervising the employment relationship so as to prevent the foreseeable misconduct of an employee from causing harm to third persons.

[35]   Choice's breach of its duty to supervise was a direct and proximate cause of damage to Campbell and to Harleysville.

[36]   As a result of Choice's negligent supervision, Harleysville sustained losses and damages in amounts to be proven at trial and in excess of $75,000.

## THIRD CLAIM FOR RELIEF
## VICARIOUS EMPLOYER LIABILITY

[37]   Harleysville incorporates by reference its General Allegations and all previous paragraphs as if set forth herein.

[38]   Upon information and belief, the Choice employee(s) who linked Haarstad's personal account to the Campbell business accounts did so in the course and scope of their employment with Choice.

[39]   Upon information and belief, the Choice employee(s) was acting in the course and scope of their employment with Choice when they failed to identify that approximately 155 improper transfers had been made by Haarstad from the Campbell business accounts to Haarstad's personal account, and failed to notify or obtain approval from Campbell for the transfers made by Haarstad out of the Campbell accounts and into Haarstad's personal account.

[40]   Choice's employee(s) was negligent in failing to identify that approximately 155 improper and unauthorized transfers had been made by Haarstad from the Campbell business accounts into Haarstad's personal account, and in failing to notify or obtain approval from Campbell for the transfers made by Haarstad from the Campbell accounts into Haarstad's personal account.

[41]   Because such acts and omissions were done by Choice employee(s) in the course and scope of their employment with Choice, Choice is variously liable for the negligent acts done on Choice's behalf by its employee(s) in linking Haarstad's personal account to the Campbell business accounts, in failing to identify that approximately 155 improper and unauthorized transfers had been made by Haarstad from the Campbell business accounts into Haarstad's personal account, and in failing to notify or obtain approval from Campbell for the transfers made by Haarstad from the Campbell accounts into Haarstad's personal account.

[42]   The negligent acts and omissions of Choice's employee(s), for which Choice is vicariously liable, were a direct and proximate cause of damage to Campbell and to Harleysville.

[43] As a result of the negligence of Choice's employee(s), for which Choice is vicariously liable, Harleysville sustained losses and damages in amounts to be proven at trial and in excess of $75,000.

**PRAYER FOR RELIEF**

[44] Having stated its causes of action against Choice, Harleysville prays for judgment against Choice as follows:

[45] For damages in an amount to be proven at trial;

[46] For Harleysville's costs and expenses incurred herein;

[47] For prejudgment interest and attorney fees as allowed by law; and

[48] For such other and further relief as the court deems just and proper.

[49] Harleysville demands a trial by jury.

Dated: February 26, 2019

/s/ Joseph A. Wetch, Jr.
Joseph A. Wetch, Jr. (#05788)
SERKLAND LAW FIRM
10 Roberts Street North
P.O. Box 6017
Fargo, ND 58108-6017
701.232.8957
jwetch@serklandlaw.com
Attorneys for Plaintiff Harleysville Insurance Company